## SAMUEL G. BRADBURY *versus* INHABITANTS OF CUMBER- LAND COUNTY.

To support an action of debt to recover land damages on an award of a com- mittee under the statute concerning ways, it must appear that the report and award of the committee, in favor of the plaintiff, were seasonably ac- cepted by the commissioners, and duly recorded, and that the proceedings on the original petition were closed and the record completed.

ON REPORT from *Nisi Prius,* GOODENOW, J., presiding. The facts sufficiently appear in the opinion.

*Record & Luce,* for the plaintiff.

*M. M. Butler,* for the defendants.

The opinion of the Court was drawn by

TENNEY, C. J.—This action is debt, upon a judgment alleged to have been rendered by the court of county com- missioners of the county of Cumberland, at its session, in June, 1853, for the amount of damages sustained by the plaintiff, by reason of a certain highway therein described, having been located and made over a portion of his land.

In the year 1851, Alvin Leavitt and others filed a petition in the court of county commissioners for the county of Cumberland, praying for the location of a highway over a route described, parts of which were in the several counties of Cumberland, Kennebec, Oxford and Franklin. After proceedings, which are not in controversy, a majority of all the commissioners of the counties, just named, each of them being represented by a majority of its own commissioners, at a meeting held by them, adjudged and determined that common convenience and necessity required that the prayer of the petition be granted in part. And afterward the portion of said highway which lay in the county of Cum- berland, was legally laid out, and damages awarded to the several owners of the land over which the highway was laid out. The damages so awarded being unsatisfactory to the

plaintiff and others, they seasonably petitioned for an increase thereof.   A committee, being agreed upon, according to the provisions of the statute, were duly appointed to ascertain and determine the damages, by the respective petitioners sustained.   The warrant to this committee, by the county commissioners of the county of Cumberland, was dated on May 17, 1853, return thereof to be made as soon as the service required should be completed.   On June 6, 1853, the committee made return to the court of the county commissioners, of their warrant, with their doings thereon, according to the direction in the warrant.   By this return, it appears that the committee adjudged that damages sustained by the plaintiff was the sum of $180, instead of the sum of $120, as awarded by the commissioners; and that the amount of increase of damages of all those who petitioned for an increase was the sum of $248.   Thereupon measures were taken by the court of county commissioners, for the county of Cumberland, to have a judgment and determination, by the joint board of the commissioners of the four counties in which the highway was adjudged to be of common convenience and necessity, as aforesaid, upon the question, whether the highway should be discontinued, on account of the damages, which were awarded by the committee, being excessive.   At a meeting of this joint board, it was decided that a part of the road which they had adjudged to be of common convenience and necessity should be discontinued.

In the case of *Jones* v. *Oxford County*, 45 Maine, 419, a matter, in the county of Androscoggin, arising under the same petition of Alvin Leavitt and others, it was held by this Court, that the supposed discontinuance by the joint board of county commissioners of the four counties, on the ground that the damages awarded by the committee was excessive, was unauthorized and void.

This decision, being upon action of the joint board, under the petition of Alvin Leavitt and others, is conclusive in this case.

It is apparent, from the records of the court of county commissioners of the county of Cumberland, that all legal proceedings in that court were suspended, immediately upon the return of the warrant to the committee appointed by that court, to determine the matter of the complaint of the plaintiff and others touching damages. We have seen no record of any acceptance of the report of the committee, or judgment that the damages awarded by them should be paid. Indeed, it is difficult to perceive how this could have been done consistently with the subsequent proceedings of that court, the object of which was that the whole or a part of the road laid out should be discontinued, because the damages awarded by the committee were apprehended to be excessive, and discontinuance might be of the portion of the road laid out upon the plaintiff's land.

It may be proper to notice, that the case referred to was an action of debt, upon a judgment alleged to have been rendered by the court of county commissioners for the county of Oxford. It is averred in the first count in the writ, in that action, that the committee agreed upon and duly appointed, to act upon the petition for an increase of damages, made and duly returned to said commissioners, reports of their doings, &c., at the regular term of the court of county commissioners for the county of Oxford, held in Sept., 1853, and that said report, and award of damages, in favor of the plaintiff, was accepted by said commissioners and duly recorded; and the proceedings on said original petition of Alvin Leavitt and others were closed and the record of the proceedings on said original petition completed. And it was agreed, by the parties to that action, that all the facts stated in the first count of the plaintiff's declaration were true, with a qualification, not material to the present inquiry.

In the case at bar, no agreement of that character was made by the parties; and the allegation in the writ, that, at the regular term of the court of county commissioners for the county of Cumberland, held in June, 1853, "said report

and award of damages in favor of the plaintiff was accepted by said commissioners and duly recorded, and the proceedings on the original petition, Leavitt and others, were closed, and the record of the proceedings on said original petition completed, as by the record thereof, now remaining in said court of county commissioners for said county of Cumberland, will fully appear," are not in the least supported by any record of that court which has been introduced.

The proceedings, under the petition of Alvin Leavitt and others, appear by the records not to have been completed, on April 20, 1854, when it was ordered, by the court of county commissioners for the county of Cumberland, that all processes pending before that court, which would have lfalen within the jurisdiction of the county of Androscoggin, if it had been established, where said processes originated, be, and the same are hereby transferred to said county of Androscoggin, &c.

Whether the proceedings in the case, on the petition of Alvin Leavitt and others, can now be completed or not; and if they can be completed, whether by the court of county commissioners in the county of Cumberland, or of Androscoggin; and by what process such court may be required to complete the proceedings, if at all, are questions which are not now before this Court.

According to the agreement of the parties, the plaintiff must become                                    *Nonsuit.*

APPLETON, CUTTING, GOODENOW, DAVIS and MAY, JJ., concurred.